■ JEAN HIRSCH, Appellant, v. APPROVED PROPERTIES, INC., Respondent. — In an action by the owner of a segment of a tract of land to compel assignment of a transfer of tax lien held by the defendant upon the entire tract, the plaintiff appeals: (a) from so much of a judgment of the Supreme Court, Kings County, rendered August 14, 1961, upon the decision of the court after a nonjury trial, as failed to grant her the right to an assignment of the entire transfer of tax lien upon payment of the entire principal and such interest as is due thereon by law; and (b) from so much of said judgment as dismissed the complaint seeking such relief. Judgment, insofar as appealed from, affirmed, with costs. The parties concede that the City of New York has not adopted sections 1102–1116 of the Real Property Tax Law with respect to tax liens. Therefore, subdivision 4 of section 1112 of such Tax Law requiring the lienholder, at the option of the party redeeming the lien, to assign it to such party, is inapplicable. Plaintiff claims that as part owner she has a right in equity to pay the entire sum due and to take an assignment of the entire lien (cf. Coffin v. Parker, 127 N. Y. 117). However, the rule providing for such right is based upon the principle of subrogation. The redeeming part owner cannot compel a mortgagee to accept partial payment and to give partial satisfaction. Rather, the part owner may be confined to payment of the entire amount due and be relegated thereby to a right to seek or to compel a proportionate contribution from the owners of the remaining parcels involved. But here, the lienholder (the defendant) is willing to accept a proportionate part payment from the plaintiff and to release her parcel from the lien on that basis. Moreover, she does not contest the practicality or accuracy of the computation of such proportionate part payment. Hence, in the record before us, no reason for an assignment of the entire lien exists in equity. It also appears that the judgment properly provided that interest on the lien be computed at 12%, the rate stated in the transfer of tax lien, from May 24, 1955, the date it was bid and sold at public auction (Administrative Code of City of New York, § 415(1)–23.0, §§ 415(1)–29.0–415(1)–36.0). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur. [29 Misc 2d 848.]

■ In the Matter of KATHERINE ALLEN, Respondent, v. KENNETH ALLEN, Appellant.— In a proceeding by a wife against her husband to compel support, the husband appeals from an order of the Domestic Relations Court of the City of New York, Family Court Division, Queens County, made December 6, 1961, denying his motion to vacate a prior order of said court, dated January 18, 1957, which continued its earlier order, made December 17, 1953, requiring him to pay $37 a week for the support of the wife and their infant child. Appeal dismissed, without costs, and without prejudice to any proceedings which the husband may deem proper, to vacate or modify the original order of December 17, 1953 on the basis of the decree of divorce subsequently obtained by him in the State of Nevada. The order appealed from is not a final order; only such an order is appealable (N. Y. City Dom. Rel. Ct. Act, § 58). Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.